IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| George Warugongo, | Civil Action No.: 3:14-cv-693 |
| Plaintiff, | |
| v. | |
| Northstar Location Services, LLC, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, George Warugongo, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, George Warugongo ("Plaintiff"), is an adult individual residing in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant Northstar Location Services, LLC ("Northstar"), is a New York business entity with an address of 4285 Genesee Street, Cheektowaga, New York 14225, operating as a collection agency, and "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

9. Northstar attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Northstar Engages in Harassment and Abusive Tactics

10. Within the last year, Northstar contacted Plaintiff in an attempt to collect the Debt.

11. Upon information and belief, Northstar placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

12. When Plaintiff answered the calls from Northstar, he heard a period of silence followed by the call dropping.

2

13. In or around July 2014, Plaintiff called Northstar to inquire as to why he was receiving calls to his cellular telephone.

14. During the prior mentioned conversation, a representative from Northstar informed Plaintiff that he was not on Northstar's file, thus he was called in error.

15. Despite Plaintiff being advised he was called in error, Northstar continued to place calls to Plaintiff's cellular telephone using an Automated Telephone Dialing System.

16. Plaintiff has no existing or prior relationship with Northstar, and never provided a cell phone number, much less consent to call him on that number.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted Plaintiff in regards to the third parties debt on numerous occasions, without being asked to do so.

3. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

4. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

5. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

6. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

8. At all times mentioned herein and within the last year, Northstar called Plaintiff on his cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

9. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

10. Defendant's telephone systems have some earmarks of a Predictive Dialer.

11. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would drop the call.

4

12. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

13. Defendants contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number in light of the conversation that took place in July. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

14. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

17. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 12, 2014

Respectfully submitted,

By: /s/ Ruth M. Allen

Ruth M. Allen, Esq.
Bar Number: 34739
7413 Six Forks Road, Suite 326
Raleigh NC  27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile:  (888) 953-6237
Attorney for Plaintiff

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

6